[No. 2606. Decided December 18, 1897.]

ELNORA C. DRAKE, *Respondent*, v. JEROME CATLIN *et ux.*, *Respondents*, HARTWOOD MORGAN, *Appellant*.

GARNISHMENT — PROPERTY IN HANDS OF LESSEE UNDER UNEXPIRED LEASE.

Under the garnishment act of 1893 (Bal. Code, §§ 5390-5415), personal property of a debtor held under a *bona fide* lease by a third party cannot be garnished during the existence of the lease.

Appeal from Superior Court, King County.—Hon. RICHARD OSBORN, Judge. Reversed.

*William D. Wood, Blaine & De Vries,* and *Wilmon Tucker,* for appellant.

*J. H. Allen, John H. Powell,* and *Jay C. Allen,* for respondent.

The opinion of the court was delivered by

Scott, C. J.—Plaintiff commenced an action against the defendants Catlin and caused a writ of garnishment to be issued and served on the appellant on October, 1895. He answered disclosing that he had certain articles of household furniture belonging to the defendant, Eva J. Catlin, which he held under a lease from her, which lease would not expire until seven months from the 14th day of September, 1895. This answer was served on the attorneys for the plaintiff on the 9th day of November, 1895. On the third day of July, 1896, plaintiff obtained a judgment against the Catlins and on the 6th day of July, she moved the court for an order requiring the garnishee to deliver to the sheriff the personal property aforesaid, and on the 26th day of September, 1896, the cause having been continued to that time, the court ordered the property to be so delivered, and the garnishee has appealed.

No evidence was taken at the time of the final hearing and unless the judgment of the court can be sustained on answer of the garnishee made prior to the expiration of the lease, it must be set aside. The respondent, in her brief, makes the statement that the garnishee had the property at the time of the final hearing, but we are unable to find anything in the record to support this contention.

While the policy of the law is to subject the property of a debtor not exempt from execution to the payment of his debts, and while the garnishment statutes were intended to aid in reaching property that could not be directly levied upon, and should receive a fair construction to effect such purpose where a right of garnishment is granted, yet the court cannot go to the extent of supplying a remedy where

none is provided by the statute. This property could not be levied upon and sold in the ordinary way because the sheriff could not seize it during the term of the lease and deprive the lessee of its possession, nor could his right to assign his interest be infringed upon.

The question as to whether the garnishee could be held providing he had the property at the final hearing, even though he was not subject to garnishment when the writ was issued, is not presented by the record, it not appearing that he then had the property. The respondent contends that in a case like this the court would have a right to continue the garnishment proceedings until the expiration of the lease, under section 15 of the garnishment act (Laws 1893, p. 95, Bal. Code, § 5404), but this section seems to contain no such provision. Section 13 (Bal. Code, § 5402) provides that if it shall appear that the garnishee is indebted to the principal defendant, and that such indebtedness is not then due, the court may make an order requiring the garnishee to pay such sum into court when the same becomes due. But this is expressly limited to debts, and there seems to be no provision in the act to meet a case of this kind. Conceding the right of the lessee to assign his leasehold interest, it might be difficult to provide a remedy to preserve such right of garnishment; but this act cannot be so construed as to give a right of garnishment, under the facts appearing here. Rood, Garnishment, § 13.

Respondent contends that unless this garnishment proceeding can be upheld it would be easy for parties to avoid the payment of their debts by making long time leases of their property. Of course, if such leases are fraudulently made, they can be attacked upon that ground, or if the lease provides for the payment of rent that might be reached. A debtor might make a long time lease of his property *bona fide*, as well as he could sell it, and a creditor

could not complain who had obtained no rights prior thereto.

The judgment must be reversed and the cause remanded with instructions to enter a judgment discharging the garnishee.

DUNBAR, ANDERS, GORDON and REAVIS, JJ., concur.